01
02
03
04
05
06

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EMPLOYEE PAINTERS' TRUST HEALTH & WELFARE PLAN, INTERNATIONAL UNION OF PAINTERS & ALLIED TRADES PENSION FUND,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>RICHARD KREIS and "JANE DOE" KREIS, husband and wife and the marital community comprised thereof, D/B/A RED EARTH CONSTRUCTION,<br><br>　　　　Defendants. | CASE NO. C07-0048-JPD<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT |

The Plaintiffs, Employee Painters' Trust Health & Welfare Plan and International Union of Painters & Allied Trades Pension Fund ("Trust Fund") have filed this suit against Richard Kreis and "Jane Doe" Kreis, d/b/a Red Earth Construction (the "Employer"), seeking recovery of funds that the Trust Fund alleges should have been paid for the benefit of certain employees of the Employer. This Court has jurisdiction pursuant to § 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a), and §§ 502(a)(3) and 502(e)(2) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1132(a)(3) and 1132(e)(2). The parties have consented to the undersigned Magistrate Judge hearing this case, pursuant to

ORDER GRANTING PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT
PAGE -1

01 | 28 U.S.C. § 636(c).  Dkt. No. 8.

02 |     The plaintiffs' motion for summary judgment (Dkt. No. 11) is before the Court.  The
03 | motion seeks recovery of contributions for work by employees covered by the Trust Fund
04 | performed during the period January 2001 through December 2004, in the amount of
05 | $55,648.46, liquidated damages in the amount of $8,248.54, interest on both in the amount of
06 | $13,911.71, and an audit fee of $3,251.57.  The plaintiffs also seek costs incurred in this action
07 | of $433.01 and attorneys' fees in the amount of $2,303.78.  Dkt. Nos. 11, 12.

08 |     A party against whom a properly supported motion summary judgment is sought may
09 | not rely on mere denials in an answer, but instead must come forward, affirmatively
10 | demonstrating that there are genuine issues of material fact that preclude the relief sought by
11 | the moving party.  Fed. R. Civ. P. 56(e).  *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986).
12 | Pursuant to Local Rule 7(b)(2), the failure of a party to file papers in opposition to a motion
13 | may be considered by the Court to be an admission that the underlying motion has merit.

14 |     In this case, the plaintiffs' motion is supported by appropriate declarations indicating
15 | the basis for liability and damages.  The defendants have not filed any opposition to the
16 | plaintiffs' motion.  Accordingly, plaintiffs' motion for summary judgment (Dkt. No.11) is
17 | GRANTED.  The Clerk of the Court is directed to enter judgment on behalf of the plaintiffs
18 | and against the defendants in the amount of $81,060.28 together with attorneys' fees of
19 | $2,303.78 and costs of $433.01, for a total of $83,797.07.

21 |     DATED this 8th day of November, 2007.

*[signature: James P. Donohue]*

JAMES P. DONOHUE
United States Magistrate Judge

ORDER GRANTING PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT
PAGE -2